IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                               CASE NO. 16-02477 (ESL)

LEMUEL URIBARRY GARCIA                               CHAPTER 13
GRISELLE MARIE DIAZ FIGUEROA

        Debtors

ORDER

This case is before the court upon the Chapter 13 Trustee's (hereinafter referred to as "Trustee") *Motion for Entry of Order Instructing Debtor and Debtor's Attorney to File in the Case Docket a Copy of the Service Contract* (Docket No. 75). The Trustee is stirred by Legal Partners', PSC ("Legal Partners") request to *Amend Disclosure of Compensation of Attorney for Debtor* to "correct the associate attorney rate" (Docket No. 72). The Trustee states that it is "necessary for Debtors and Suarez to provide copy of the services contract to corroborate the accuracy of the Amended Disclosure of Compensation, and the reasonableness of future applications for compensation filed by Suarez".

Legal Partners, PSC, through Attorney Juan M. Suarez Cobo, filed its *Opposition to the Trustee's Motion for Entry of Order* arguing that: (1) the attorney's disclosure of compensation incorrectly stated that the agreed fee for associate attorneys was $185.00 when it actually is $225.00, however, the Debtors acknowledged during the 341 meeting that the hourly rate contracted is $225.00; (2) Legal Partners filed an Application for Compensation at Docket No. 81 with the incorrect reduced rate; (3) The Debtors executed a declaration under penalty of perjury with the hourly rate agreed upon; and (4) the Trustee is overreaching into a protected attorney-client relationship. (Docket No. 107). Furthermore, an *Application for Compensation for Post-*

1

*petition Services* was filed by Legal Partners charging the associate attorney's fees at $185.00, for the total amount of $1,605.83. (Docket No. 81).

The Trustee filed his *Trustee's Reply to Opposition to Trustee's Motion for Entry of Order, Doc. #107* (Docket No. 109). The Reply contains an extensive argumentation related to adequate disclosure of fees pursuant to Fed. Bankr. R. 2016 and Legal Partners' duties pursuant to 11 U.S.C. §526-528. The Trustee also argues that Legal Partners has allegedly changed the rate of associate attorneys during the pendency of the bankruptcy case. The motion states:

> "Trustee underscores that Suarez's attempt to use Debtor's Declaration as a means to ratify, supplement or amend the contract is unwarranted. Debtors' Declaration provides in ¶15 as follows: "Let this declaration serve for all legal purposes to ratify, supplement and/or amend the legal representation contract signed by us with Legal Partners." (Doc. #107, p 10-11, ¶15). The Declaration cannot be used to amend the contract. If the original contract does not provide for an hourly rate of $200.00 for services of associate attorneys, Debtor's Declaration cannot be used as an amendment to the contract to justify Suarez's intention to prospectively charge for the work of associate attorneys at a rate of $200.00 per hour. In other words, Debtors' declaration does not have the effect to amend the contract to have prospective effect of validating an hourly rate of $200.00 per hour for services of associate attorneys that was not agreed in the original written contract.

> The law is clear that the fee agreement reached with debtor must be memorialized in a written contract executed prior to the filing of the bankruptcy petition. Hence, the only reliable source of information to corroborate the representations made the Court regarding debtor's attorney's compensation is the written contract." ¶¶ 24-25, pages 8-9.

The Trustee further argues that the contract is not protected by the attorney-client privilege and that the contents of the contract cannot be established with a Declaration of the Debtors. The Trustee states: "[t]he reality is that earlier this year Suarez unilaterally decided to increase the hourly rate of associate attorneys to $200.00 in every chapter 13 case, even in the cases filed prior to 2017. This is the reason why Suarez filed the Second Amended Disclosure of Compensation more that 14 months after the filing of the bankruptcy petition (Doc. #72). And the only reason why Suarez continued to use the hourly rate of $185.00 in the second fee application was because

Trustee had previously petitioned the court to order Debtor's Attorney to file a copy of the contract to corroborate the accuracy of the Second Amended Disclosure of Compensation (See Docs. #75, and #81)."

Finally, the Trustee argues that the rate for associate attorneys specified by Legal Partners is unreasonable pursuant to §330(a)(3). As contended by the Trustee "[i]f the hourly rate of attorney Suarez -who is lead partner in charge of the client matter, is board certified and has more than 20 years of professional experience- is $225.00, and we consider the legal standard of §330(a)(3)(E) and (F), then the hourly rate of associate attorneys could never be $225.00. Because the associate attorneys, to our knowledge, are not board certified, and do not have the same level of skills and experience in bankruptcy procedure as attorney Suarez. Accordingly, even if the contract states that the hourly rate of associate attorneys is $225.00, the law firm could not charge such rate because the level of skill and experience of associate attorneys is not equal to that of the lead partner. Under these circumstances, we cannot conclude the Debtors have all the information to make an informed assessment as to the reasonableness of the fees charged for services of associate attorneys." ¶48, page 18.

Legal Partners filed a *Sur Reply to Trustee's Reply Filed at Docket Entry #109* (Docket No. 131). Legal Partners argues that the Trustee's request is an attempt to pursue violations to 11 U.S.C. 526-528; that Legal Partners offered the Trustee to inspect the contract in Legal Partners' offices; and that the Trustee has no right of action to pursue remedies for alleged violations of 11 U.S.C. §§526, 527 and 528. Therefore, it argues that the Trustee's request should be denied.

The court notes that in this case, the Trustee challenged the Disclosure of Compensation with related arguments, prior to the confirmation of the plan at: (1) Meeting of Creditors Report (Docket No. 22); (2) Trustee's Report of Confirmation dated May 18, 2016 (Docket No. 24); and (3) Trustee's Report on Confirmation dated June 10, 2016 which required the submission of the

services contract (Docket No. 31). However, the Trustee's Report on Confirmation dated June 28, 2016 did no longer required the services contract (Docket No. 32) and the Trustee's Report on Confirmation dated July 18, 2016, abandoned any issue related with the services contract (Docket No. 34). An *Application for Compensation* was filed by Legal Partners on October 4, 2016, and the plan dated 06/28/2016 was favorably recommended by the Trustee on October 6, 2016 (Docket No. 40). On October 13, 2016, the plan was confirmed, and fees were granted to Legal Partners in the amount of $4,200.00 (Docket No. 44).

On May 19, 2017, a Post Confirmation Modification to the plan was filed (Docket No. 70) and favorably recommended by the Trustee on May 22, 2017 (Docket No. 71). The Post Confirmation Modification was granted by the court on June 13, 2017 (Docket No. 84).

The matter related to the services contract is restored by the Trustee when Legal Partners filed an *Amended Disclosure of Compensatio*n specifically changing the fee for associate attorneys. Consequently, the *Application for Compensation* filed at Docket No. 81 for post-confirmation work was held in abeyance (Docket No. 112).

This court has ruled that the Chapter 13 Trustee has standing to question the validity of the services contract pursuant to 11 U.S.C. §§323 and 1302. The Trustee argues that the service contract is requested "to corroborate the accuracy of the Amended Disclosure of Compensation and the reasonableness of future applications of compensation filed by Suarez". However, the justification ascertained by the Trustee at this juncture is insufficient to order the filing of the services contract. The disclosure of the services contract has been requested by the Trustee in several cases as a confirmation matter and the court has agreed to it as part of the Trustee's standing during the confirmation processes and in relation to the Trustee's duties to investigate the debtor's financial affairs. *See* in Re Rodriguez Perez, No. 15-06593 (ESL), 2018 Bankr. LEXIS 2245 (Bankr. D.P.R. July 31, 2018). However, in the present case an original plan, amended plan, and

4

an Application for Compensation have all been approved by this court without any objection by the Trustee.

Therefore, at this juncture the request for the submission of the services contract should be substantiated with arguments related to unreasonable fees pursuant to 11 U.S.C. § 330 or sufficient factual or legal basis. The Trustee makes a general argument as to the reasonability of the fee pursuant to 11 U.S.C. § 330, stating that the rate for associate attorneys cannot be the same as the lead counsels' rate. However, this is not represented neither in the Amended Disclosure of Compensation[1] (Docket No. 72) nor the Application for Compensation[2] filed by Legal Partners (Docket No. 81). The Trustee further argues that the rate cannot be changed during the pendency of the bankruptcy case however has not provided any legal support to justify said prohibition.[3] As stated by the Supreme Court of the United States in Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate", approach commonly known as the lodestar method. In the present case, the *Second Application for Compensation* hasn't been objected by the Trustee.

The Trustee argues that "[d]ebtors' attorney has not clarified the uncertainty created by his own representations to the Court regarding compensation, and such uncertainty can only be clarified by reviewing a copy of the original contract executed with Debtors." However, the court does not agree with the Trustee's conclusion as to the existence of any uncertainty. The rate for associate attorneys was changed to $200.00, and, at this time, the court is in no position to

---

[1] The fee for associate attorneys is amended from $185.00 to $200.00 per hour and the rate for the lead attorney remains in $225.00.

[2] The fee for associate attorney is charged at the initial $185.00 per hour rate.

[3] The *Appendix B-Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330 by Attorneys in Larger Chapter 11,* although not applicable to the present chapter 13 case nor to the Chapter 13 Trustee, acknowledges the possibility of rate increases and uses the standard of reasonability to evaluate any increase.

5

determine that the fee change is unreasonable, and the Application for Compensation which still charges the associate attorney's rate at $185.00 per hour was not objected.

Under these circumstances the court is governed by §330. The trustee has failed to show that the change in rate is unreasonable. The court notes that a plan was filed (Docket No. 33) and confirmed by the court (Docket No. 44). The court has allowed the Trustee to pursue remedies pursuant to 11 U.S.C. §§526, 527 and 528, albeit Trustee's requests in other cases has been intertwined to the confirmation process.

For the reasons stated herein, the court denies the Trustee's request. Furthermore, the Application for Compensation submitted by Legal Partners at Docket No. 81, is hereby granted.

Conclusion

In view of the foregoing, the court denies the Trustee's request to the court to order Legal Partners to submit the services contract and, consequently, grants the Second Application for Compensation filed at Docket No. 81.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of May, 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge

6